IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL UNION, UNITED )<br>GOVERNMENT SECURITY OFFICERS )<br>OF AMERICA, ET AL. )<br>   )<br>   Plaintiffs, )<br>   )<br>v. )<br>   )<br>BENIGNO G. REYNA, DIRECTOR OF )<br>THE UNITED STATES MARSHALS )<br>SERVICE, in his Official Capacity )<br>   )<br>   Defendant )<br>   ) | Civil Action No. 1:02cv1484<br>Judge Gladys Kessler |

**DEFENDANT'S ANSWER TO THE**
**SECOND AMENDED COMPLAINT**

Benigno G. Reyna, Director of the United States Marshals Service (USMS) answers

Plaintiffs' Second Amended Complaint as follows:

**FIRST DEFENSE**

The Second Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

**THIRD DEFENSE**

The claims of the individual plaintiffs should be dismissed because they violate the

claims-splitting doctrine.

**FOURTH DEFENSE**

To the extent the Second Amended Complaint seeks reinstatement or back pay, it should be dismissed for failure to add necessary parties – the private security companies that employed the individual plaintiffs.

**FIFTH DEFENSE**

Answering the individual allegations of the Second Amended Complaint, Defendant states as follows:

**I.  Introduction**

This unnumbered paragraph contains introductory language describing the Second Amended Complaint, to which no response is required.

**II.  Jurisdiction**

1. The first sentence of this paragraph contains Plaintiffs' characterization of their action, to which no response is required.  The second sentence is denied, except to admit that the Court has jurisdiction over Plaintiffs' nonmonetary claims for declaratory and prospective injunctive relief.

2. Admitted.

**III.  Parties**

3. Defendant lacks knowledge or information sufficient to admit or deny the allegations of the first sentence, except to admit that Plaintiff UGSOA is a labor organization that represents Court Security Officers (CSOs) and Special Security Officers (SSOs) working in the District Courts of the United States as employees of private companies that contract with the United States Marshals Service (USMS) to provide security services.  The allegations in footnote

one are denied, except to admit that Special Security Officers ("SSOs") work under the same Judicial Security Contracts as CSOs and perform the same duties, only in such buildings as the Superior Court for the District of Columbia, the building that houses the United States Court of Appeals for the Federal Circuit and the United States Court of Claims, and the United States Tax Court building  The second sentence contains Plaintiffs' characterization of this action, to which no response is required.  The third sentence is denied, except to admit that the UGSOA has associational standing to bring a facial due process challenge to the CSO medical examination procedures, so long as it is not seeking damages or other monetary relief.

   4. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the first sentence, except to admit that Ann Barkley, William J. Burge, Harlan D. Coy and Don Kemp worked as CSOs in federal courthouses.  Defendant has been unable to locate Keith Morris in its files.  Defendant lacks knowledge or information sufficient to admit or deny the allegations in the second sentence, except to admit that Ann Barkley, William J. Burge, and Harlan D. Coy were removed from working under the applicable Judicial Security Contracts because they did not meet the CSO medical standards, and that Don Kemp was removed from working under the applicable Judicial Security Contract for failure to provide supplemental medical information as requested.  The last sentence is denied.

   5. This paragraph contains a description of Plaintiffs' action, to which no response is required.

   6. Denied, except to admit that plaintiffs Allen, Beck, Browder, Busam, Bynum, Campbell, Churm, Farnsworth, Forbis, Guthrie, Johnson, Lamb, Lane, Laughlin, McKune, Morehead, Murphy, Pearson, Ray, Rodriguez, Roy, Scott, Sirjane, Smith, and Wise were

removed from working under the applicable Judicial Security Contracts because they did not meet the CSO medical standards.  Defendant further admits that plaintiffs Dahlen and Gonzalez were removed from working under the applicable Judicial Security Contract for failure to provide supplemental medical information as requested.  Defendant specifically denies the allegations regarding plaintiffs Jimmy Burrow, Phillip Elder, James Kimbrel, Stephen McDonald, and Brian Smith.

  7.  Admitted.

### III. Class Action Allegations

  8.  The first sentence contains Plaintiffs' characterization of their action, to which no response is required.  To the extent that a response is required, the allegations of the first sentence are denied, except to admit that Plaintiffs are seeking to bring this action as a class action "on behalf of a class of CSOs in the USMS Judicial Protective Services Program who worked at locations governed by Judicial Security Contracts between the USMS and various contractors and were exclusively represented by labor organization Plaintiff UGSOA, which entered into collective bargaining agreements ("CBAs") with said contractors."  The second sentence is denied.

  9.  The first sentence sets forth a legal conclusion to which no response is required.  Defendant lacks knowledge or information sufficient to admit or deny the remainder of the paragraph.

  10.  The first sentence sets forth a legal conclusion, to which no response is required.  Defendant denies the sentence to the extent it alleges that putative class members were "terminated" without due process.  The second sentence describes the type of relief Plaintiffs

seek, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiffs can recover damages, back pay, or any other relief.

    11.    The first sentence sets forth a legal conclusion, to which no response is required. To the extent the first sentence contains factual allegations regarding the experience and expertise of their counsel, Defendant lacks information or knowledge sufficient to admit or deny the allegations. Defendant lacks information or knowledge sufficient to admit or deny the allegations in the second sentence.

    12-14.    These paragraphs contain Plaintiffs' arguments and legal conclusions, to which no response is required.

### IV.  Statement of Facts

    15.    Admitted.

    16.    Admitted.

    17.    The first sentence is admitted. The second sentence is denied, except to admit that the medical examination form used by CSOs prior to 2001 was three pages long.

    18.    Denied, except to admit that, in or about 1999, the Judicial Conference of the United States, through its Securities and Facilities Committee ("Committee"), ordered a CSO job function analysis to be conducted by the United States Public Health Service's Office of Federal Law Enforcement Programs ("USPHS").

    19.    Admitted.

    20.    Denied, except to admit that in January 2001, the USMS implemented two new medical examination forms (USM-229 and USM-229a), which in turn reflected the revised medical standards described in Paragraph 19. Defendant further admits that Marc Farmer and

Ralph Mecham, among others, were involved in this process.  Defendant specifically denies Plaintiffs' characterization of the standards as "heightened."  Some of the revised standards could be characterized as "heightened," but in other ways the prior standards were relaxed or eliminated.  With respect to some medical conditions, the standards themselves did not change, but different testing procedures were required.

21.     Denied, except to admit that in January 2001, the USMS modified its Judicial Security Contracts with private security companies to incorporate the new medical examination forms (USM-229 and USM-229a).  Answering further, Defendant states that form USM-229a initially applied to all individuals hired by private security companies prior to January 1, 2001, whereas Form USM-229 applied to individuals hired by contractors on or after January 1, 2001.  After October 1, 2001, all individuals accepting employment under new Judicial Security Contracts are to be examined using form USM-229.  Accordingly, as new contracts are awarded, Form USM-229a will become obsolete.

22.     Denied, except to admit that, after January 2001, all CSOs were required to be examined using form USM-229 or USM-229a (see response to Paragraph 21), and that the USPHS makes the final determination regarding whether a CSO meets the applicable medical standards.  Defendant specifically denies any allegation that the USPHS conducts that actual physical/medical examination.  Defendant has previously described the medical examination/ review process in response to Plaintiff's Interrogatory No. 2.

23.     Admitted.

24. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, except to admit upon information and belief that a number of CSOs have been terminated by their employers.

25. The first sentence sets forth a legal conclusion, to which no response is required. To the extent that a response is required, it is denied. The second and third sentences refer to documents that speak for themselves. To the extent that a response is required, Defendant denies that any "just cause" provisions in the CBAs limit, or could limit, the USMS's authority to determine whether CSOs are medically qualified.

26. Denied.

27. The first sentence is denied, except to admit that a new clause was added to the Judicial Security Contracts in or around July 2002. The second sentence refers to a provision of the Judicial Security Contracts which speaks for itself.

28. Denied, except to admit that there were no changes made to the procedures after Section H(3)(h) was added in July 2002.

29. Admitted.

30. Denied, except to admit that since adoption of the new medical/ physical examination procedures, the USMS has requested that its private contractors remove a number of CSOs from performing under the Judicial Security Contracts for failure to meet the medical standards. Defendant lacks knowledge or information sufficient to admit or deny the allegation regarding the number of disqualified CSOs who were members of UGSOA.

## Count I:
## Violation of Fifth Amendment Due Process Rights

31. Defendant incorporates its responses to Paragraphs 1 through 30.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## Prayer for Relief

This part of the Second Amended Complaint sets forth Plaintiffs' request for relief, to which no response is required. To the extent that a response may be required, Defendant that Plaintiffs are entitled to the relief requested or to any relief at all.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation of the Second Amended Complaint.

Wherefore, having answered, Defendant respectfully requests that the Court enter judgment in his favor, award the USMS its costs and attorneys' fees, and provide such other relief as the Courts deems just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

ROSCOE C. HOWARD, JR.
U.S. Attorney for the District of Columbia


/s/
_____
HENRY A. AZAR, JR. (D.C. Bar No. 417249)
JOHN R. GRIFFITHS (D.C. Bar No. 449234)
Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone:   (202) 514-4652
Fax:         (202) 616-8460

Attorneys for the Defendant, Benigno G. Reyna, Director of the United States Marshals Service