UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INTERNATIONAL UNION, UNITED
GOVERNMENT SECURITY OFFICERS OF
AMERICA, <u>et al.</u>,

    Plaintiffs,

v.

BENIGNO G. REYNA, DIRECTOR OF THE
UNITED STATES MARSHALS SERVICE, <u>et
al.</u>,

    Defendants.

Case No. 1:02CV01484 (GK)

**DEFENDANT MVM, INC.'S ANSWER
TO PLAINTIFFS' FOURTH AMENDED COMPLAINT**

Defendant MVM, Inc. ("MVM"), by and through its undersigned counsel, hereby submits its Answer to Plaintiffs' Fourth Amended Complaint,[1] and states as follows, according to the numbered paragraphs thereof:

## I. INTRODUCTION

MVM admits that Plaintiffs filed a Fourth Amended Complaint (hereinafter "Complaint") against MVM and the other Defendants listed in the "Introduction" paragraph of the Complaint pursuant to the laws cited in the "Introduction" paragraph of the Complaint. MVM denies that it violated any statute or common law or engaged in any wrongdoing of any kind, or that Plaintiffs are entitled to any damages or other relief.

---

[1] MVM is contemporaneously filing a Motion to Partially Dismiss or, in the Alternative, for Summary Judgment regarding Count Two.

## II. JURISDICTION

1.  MVM admits that Plaintiffs invoke the jurisdiction of the Court pursuant to the statutes cited in paragraph 1 of the Complaint, but denies that it violated any statute or common law or engaged in any wrongdoing of any kind. Jurisdiction is a legal conclusion which requires neither an admission nor a denial, but if a response is required, MVM denies it.

2.  MVM admits that Plaintiffs invoke the jurisdiction of the Court pursuant to the statutes cited in paragraph 2 of the Complaint, but denies that it violated any statute or common law or engaged in any wrongdoing of any kind. Jurisdiction is a legal conclusion which requires neither an admission nor a denial, but if a response is required, MVM denies it.

3.  MVM admits that Plaintiffs invoke the venue of the Court pursuant to the statute cited in paragraph 3 of the Complaint. The existence of venue is a legal conclusion which requires neither an admission nor a denial, but if a response is required, MVM denies it.

## III. PARTIES

4.  MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 4 of the Complaint, and therefore denies them. MVM admits that Plaintiff UGSOA claims associational standing. The existence of associational standing is a legal conclusion which requires neither an admission nor a denial, but if a response is required, MVM denies it.

5.  MVM admits that it employed Ann Barkley, William J. Burge, Clarence Bynum, Lawrence Churm, Felipe Jorge Rodriguez, Donald Smith, and Roberto Lebron as CSOs in federal courthouses. MVM admits that Plaintiff UGSOA served as the exclusive bargaining representative for Plaintiffs Ann Barkley, William J. Burge, Clarence Bynum, Lawrence Churm, Felipe Jorge Rodriguez, Donald Smith, and Roberto Lebron. MVM admits that Plaintiffs Ann

Barkley, William J. Burge, Clarence Bynum, Lawrence Churm, Felipe Jorge Rodriguez, Donald Smith, and Roberto Lebron's employment was covered by a collective bargaining agreement providing for termination with just cause. MVM admits that Plaintiffs Ann Barkley, William J. Burge, Clarence Bynum, Lawrence Churm, Felipe Jorge Rodriguez, Donald Smith, and Roberto Lebron were terminated after the USMS determined that they were medically disqualified. MVM denies the remaining allegations contained in paragraph 5 of the Complaint.

6.  Upon information and belief, MVM admits the allegations contained in the first and second sentences of paragraph 6 of the Complaint. Upon information and belief, MVM admits that the USMS is an executive branch federal agency operating under the United States Department of Justice and contracted with Defendant AKAL to provide judicial security to the federal courthouses. MVM admits that the USMS contracted with it to provide judicial security to federal courthouses.

7.  Upon information and belief, MVM admits the allegations contained in the second sentence of paragraph 7 of the Complaint. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and third sentences of paragraph 7 of the Complaint, and therefore denies them.

8.  MVM admits the allegations contained in the first sentence of paragraph 8 of the Complaint. MVM admits that it employed Plaintiffs Ann Barkley, William J. Burge, Clarence Bynum, Lawrence Churm, Felipe Jorge Rodriguez, Donald Smith, and Roberto Lebron as CSOs. MVM admits the allegations contained in the third sentence of paragraph 8 of the Complaint. MVM admits that it entered into collective bargaining agreements with Plaintiff UGSOA. MVM denies the remaining allegations contained in paragraph 8 of the Complaint.

9. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies them.

## IV. CLASS ACTION ALLEGATIONS

10. MVM admits that Plaintiffs purport to bring Counts Two and Three as a class action. Whether this case proceeds as a class action is a legal conclusion which requires neither an admission nor a denial, but if a response is required, MVM denies it.

11. MVM denies the allegations contained in paragraph 11 of the Complaint.

12. MVM denies the allegations contained in paragraph 12 of the Complaint.

13. MVM denies the allegations contained in paragraph 13 of the Complaint.

14. MVM denies the allegations contained in paragraph 14 of the Complaint.

15. MVM denies the allegations contained in paragraph 15 of the Complaint.

16. MVM denies the allegations contained in paragraph 16 of the Complaint.

17. MVM denies the allegations contained in paragraph 17 of the Complaint.

18. MVM denies the allegations contained in paragraph 18 of the Complaint.

19. MVM denies the allegations contained in paragraph 19 of the Complaint.

## IV. STATEMENT OF FACTS

20. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and therefore denies them.

21. MVM admits that it employs CSOs, contracts for provision of security services in the United States District Courts through the USMS Judicial Protective Services Program, and negotiates CBAs with Plaintiff UGSOA regarding CSOs. MVM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint, and therefore denies them.

22. MVM admits the allegations contained in the first sentence of paragraph 22 of the Complaint. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 22 of the Complaint, and therefore denies them.

23. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and therefore denies them.

24. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and therefore denies them.

25. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and therefore denies them.

26. MVM admits that, after the adoption of the new medical/physical examination, the USMS implemented the same by advising MVM that it was amending its Judicial Security Contracts and that it would require full compliance with the new medical/physical examination as to both its present and future CSO personnel. MVM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint, and therefore denies them.

27. Upon information and belief, MVM admits the allegations contained in paragraph 27 of the Complaint.

28. Upon information and belief, MVM admits the allegations contained in paragraph 28 of the Complaint.

29. MVM admits that, after it received the results of Plaintiffs Ann Barkley, William J. Burge, Clarence Bynum, Lawrence Churm, Felipe Jorge Rodriguez, Donald Smith, and Roberto Lebron's physical/medical examinations, it terminated their employment as CSOs.

MVM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Complaint, and therefore denies them.

30.   MVM admits that Plaintiffs Ann Barkley, William J. Burge, Clarence Bynum, Lawrence Churm, Felipe Jorge Rodriguez, Donald Smith, and Roberto Lebron's employment was subject to the terms and conditions of the collective bargaining agreement between MVM and Plaintiff UGSOA. MVM avers that those documents speak for themselves. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of paragraph 30 of the Complaint, and therefore denies them. MVM denies the remaining allegations contained in paragraph 30 of the Complaint.

31.   MVM admits that Plaintiffs Ann Barkley, William J. Burge, Clarence Bynum, Lawrence Churm, Felipe Jorge Rodriguez, Donald Smith, and Roberto Lebron's employment is subject to the terms and conditions of the contracts between MVM and the USMS. MVM avers that those documents speak for themselves. MVM denies the remaining allegations contained in paragraph 31 of the Complaint.

32.   MVM admits that in or around July 2002, the USMS inserted a new clause into the Judicial Security Contracts with MVM. MVM avers that the documents speak for themselves. MVM denies the remaining allegations contained in paragraph 32 of the Complaint.

33.   MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, and therefore denies them.

<u>Disability Discrimination</u>

34.   MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second, third, fourth, and seventh sentences of paragraph

34 of the Complaint, and therefore denies them. Upon information and belief, MVM admits the allegations contained in the first and fifth sentences of paragraph 34 of the Complaint. MVM admits that it terminated Plaintiff Ann Barkley on or about February 5, 2003. MVM denies the remaining allegations contained in paragraph 34 of the Complaint.

35. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and therefore denies them.

36. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, and therefore denies them.

37. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, and therefore denies them.

38. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, and therefore denies them.

39. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint, and therefore denies them.

40. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, and therefore denies them.

41. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint, and therefore denies them.

42. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, and therefore denies them.

43. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, and therefore denies them.

44. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, and therefore denies them.

45. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, and therefore denies them.

46. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint, and therefore denies them.

47. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, and therefore denies them.

48. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, and therefore denies them.

49. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, and therefore denies them.

50. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint, and therefore denies them.

51. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, and therefore denies them.

52. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, and therefore denies them.

53. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint, and therefore denies them.

54. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint, and therefore denies them.

55. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint, and therefore denies them.

56. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint, and therefore denies them.

57. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint, and therefore denies them.

58. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, third, fourth, and sixth sentences of paragraph 58 of the Complaint, and therefore denies them. MVM admits that it terminated Plaintiff Donald Smith in April 2002. MVM denies the remaining allegations contained in paragraph 58 of the Complaint.

59. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, and therefore denies them.

60. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, and therefore denies them.

61. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, and therefore denies them.

62. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, and therefore denies them.

63. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, and therefore denies them.

64. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint, and therefore denies them.

65. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, third, and fourth sentences of paragraph 65 of the Complaint, and therefore denies them. Upon informaiton and belief, MVM admits the allegations contained in the fifth sentence of paragraph 65 of the Complaint. MVM admits that it terminated Plaintiff Lawrence Churm. MVM denies the remaining allegations contained in paragraph 65 of the Complaint.

66. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint, and therefore denies them.

67. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint, and therefore denies them.

68. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint, and therefore denies them.

69. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint, and therefore denies them.

70. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint, and therefore denies them.

71. MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and third sentences of paragraph 71 of the Complaint, and therefore denies them. Upon information and belief, MVM admits that Plaintiff Felipe Jorge-Rodriguez was determined medically qualified by the USMS in 2000. Upon information and belief, MVM admits that Plaintiff Felipe Jorge-Rodriguez was requested to submit additional information after his 2001 and 2002 annual physicals and that he did so. MVM admits that it terminated Plaintiff Felipe Jorge-Rodriguez in February 2003. MVM is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the eighth sentence of paragraph 71 of the Complaint, and therefore denies them. MVM denies the remaining allegations contained in paragraph 71 of the Complaint.

72.   MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint, and therefore denies them.

73.   MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint, and therefore denies them.

74.   MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint, and therefore denies them.

75.   MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint, and therefore denies them.

76.   MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint, and therefore denies them.

77.   MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint, and therefore denies them.

78.   MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, third, fourth, fifth, and sixth sentences of paragraph 78 of the Complaint, and therefore denies them. MVM admits that it terminated Plaintiff Roberto Lebron on or about September 2, 2004. MVM denies the remaining allegations contained in paragraph 78 of the Complaint.

79.   MVM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint, and therefore denies them.

80. MVM admits that the USMS sets the CSO's duties and responsibilities, sets the physical and medical requirements for CSOs, provides the CSO's weapons, and sets the shifts to be worked by CSOs. MVM denies the remaining allegations contained in paragraph 80 of the Complaint.

81. MVM denies the allegations contained in paragraph 81 of the Complaint.

82. MVM denies the allegations contained in paragraph 82 of the Complaint.

83. MVM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 83 of the Complaint, and therefore denies them.

84. MVM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 84 of the Complaint, and therefore denies them.

## COUNT ONE:
## VIOLATION OF FIFTH AMENDMENT DUE PROCESS RIGHTS
### (Against Defendant USMS)

85-90. Count One is not asserted against MVM. However, if a response is required, MVM denies the allegations contained in paragraphs 85 through 90.

## COUNT TWO:
## VIOLATION OF THE REHABILITATION ACT OF 1973
### (Against Defendants USMS, Akal, MVM and AGI)

91. MVM restates its responses to paragraphs 1 through 90 of the Complaint as if fully set forth herein.

92-100. MVM has contemporaneously filed a Motion to Dismiss or, in the Alternative, for Summary Judgment on this cause of action.

## COUNT THREE:
## VIOLATIONS OF AMERICANS WITH DISABILITIES ACT
### (Against Defendants Akal, MVM and AGI)

101. MVM restates its responses to paragraphs 1 through 100 of the Complaint as if fully set forth herein.

102. MVM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 102 of the Complaint, and therefore denies them.

103. MVM admits the allegations contained in the first and second sentences of paragraph 103 of the Complaint. Upon information and belief, MVM admits the allegations contained in the third sentence of paragraph 103 of the Complaint. MVM is without knowledge or information sufficient to form a belief as to the allegations contained in the fourth sentence of paragraph 103 of the Complaint, and therefore denies them. MVM denies the remaining allegations contained in paragraph 103 of the Complaint.

104. MVM is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 104 of the Complaint, and therefore denies them.

105. MVM denies the allegations contained in paragraph 105 of the Complaint.

105. MVM denies the allegations contained in the second paragraph 105 of the Complaint.

### PRAYER FOR RELIEF

MVM denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief or any other legal or equitable relief in connection with the Complaint. Further, MVM denies that Plaintiffs are entitled to reinstatement, declaratory relief, injunctive relief, equitable relief, back pay, front pay, benefits, compensatory damages for emotional distress and mental anguish, attorneys fees and expenses, or any other relief in connection with the Complaint.

MVM denies all allegations of the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Some of Plaintiffs' claims are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

All actions taken by MVM, its representatives and employees, with respect to Plaintiffs' employment, and the terms and conditions of their employment, were taken for legitimate, non-discriminatory reasons.

### FOURTH AFFIRMATIVE DEFENSE

All actions taken by MVM, its representatives and employees, with respect to Plaintiffs' employment, and the terms and conditions of their employment, were taken in good faith, without any malice or intent to injure or harm Plaintiffs, and, therefore, are not actionable.

### FIFTH AFFIRMATIVE DEFENSE

MVM is not a government actor.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust their administrative remedies.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not disabled as defined in the Rehabilitation Act or the Americans with Disabilities Act.

### EIGHTH AFFIRMATIVE DEFENSE

If disabled, Plaintiffs are not qualified individuals with disabilities as defined in the

Rehabilitation Act or the Americans with Disabilities Act.

## NINTH AFFIRMATIVE DEFENSE

If Plaintiffs are qualified individuals with disabilities, continuing to employ them as CSOs when they do not meet the USMS' physical standards is not a reasonable accommodation.

## TENTH AFFIRMATIVE DEFENSE

MVM did not regard Plaintiffs as disabled.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any damages.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiffs have been damaged, they have failed to comply with their duty to mitigate their alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims may be barred by the equitable doctrines of laches, waiver, and estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

Because discovery has not been completed at this stage of the case, MVM reserves the right to assert additional defenses as appropriate.

**WHEREFORE**, Defendant MVM, Inc. prays for judgment against Plaintiffs as follows:

1. For an Order dismissing Plaintiffs' claims with prejudice, and entering judgment in favor of MVM and against Plaintiffs;

2. For all costs, disbursements, and reasonable attorney's fees incurred by MVM in connection with the defense of this matter; and

3. For any other such relief as the Court in the exercise of its discretion deems just

and proper.

Dated: February 22, 2005

Respectfully submitted,

LITTLER MENDELSON, P.C.

By:  /s/ Jason M. Branciforte
Ronald I. Tisch (DC Bar # 65383)
Jason M. Branciforte (DC Bar # 429877)
Katherine A. Goetzl (DC Bar # 457660)
1225 I Street N.W., Suite 1000
Washington, DC 20005
202.842.3400  telephone
202.842.0011  facsimile

Counsel for Defendant MVM, Inc.